## Madden v. Ferguson et al.

*E. F. McGovern*, for plaintiff.

*Bialkowski, Bialkowski & Bialkowski*, and *Paul R. Selecky*, for defendant.

*B. R. Jones, Jr.*, for additional defendant.

APONICK, J., February 13, 1942.—Plaintiff started this action in trespass to recover for personal injuries alleged to have been received because of the negligence of defendant. She served her statement of claim on July 7, 1941. On September 6, 1941, 61 days after the service of the statement of claim, defendant obtained a rule to join one George Foster or George Forster as an additional party defendant. This rule was made absolute and after proper service on the additional defendant he now moves the court to dismiss the petition to join him. The ground alleged is that the rule was obtained more than 60 days after the service of the statement of claim, which is the limitation contained in Pa. R. C. P. 2253. The language of this rule is clear and explicit and, the period of limitation having expired, the joinder was improper.

The original defendant concedes this point but argues that the procedure adopted by the additional defendant is improper under rule 2256(a), which reads as follows:

"(a) Any defect of form or substance in either the petition or order may be attacked only by a motion to dismiss as to the additional defendant. The motion shall set forth specifically all objections to the form and substance of the petition or order, but shall not set forth objections to jurisdiction of the court over the person or subject matter of the action. Objections to jurisdiction may be asserted only in the manner provided by law or rule of court."

The original defendant contends that this is not a "defect of form or substance" but is an objection to

the jurisdiction of the court which cannot be heard on a petition to dismiss under the above rule.

We deem this, however, to be not so much a jurisdictional defect as one in the nature of a statute of limitations. The court undoubtedly has jurisdiction of the subject matter because this is a proper case for the joinder of an additional defendant under the rules. The procedure adopted for making the joinder and the service of the order was also proper. The only complaint made by the additional defendant is that the step was not taken in time. This makes the case analogous to one in which the court has jurisdiction of the subject matter, the summons is properly served, but the summons is issued too late under the statute. In such a case the question could not be raised by a motion to quash. We think the same principle applies to the case now before us.

Now, February 13, 1942, the motion to dismiss the petition of John Ferguson, original defendant, to join George Foster or George Forster as an additional defendant is granted and the name of George Foster or George Forster is stricken from the record as an additional defendant.